UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WEBER                                              CIVIL ACTION

VERSUS                                             NO: 11-2817

MOTIVA ENTERPRISES LLC-NORCO                       SECTION: "J" (2)
REFINERY

**ORDER AND REASONS**

Before the Court is Defendant Motiva Enterprises LLC's **Motion for Summary Judgment (Rec. Doc. 15)**, Plaintiff Boyd Weber's opposition to same **(Rec. Doc. 25)**, and Defendant's reply thereto **(Rec. Doc. 28)**. Defendant's motion is set for hearing on September 17, 2012, on the briefs, without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. On November 11, 2011, Plaintiff filed the instant suit

1

naming Motiva Enterprises LLC ("Motiva") as the Defendant. Plaintiff's complaint alleges that he was wrongfully terminated based on racial discrimination. In his complaint, Plaintiff, a Caucasian male, asserts that he was terminated from his employment at Motiva on January 22, 2010, after being wrongfully accused of violating a "lifesaving rule." (Rec. Doc. 1, p. 3, ¶ 6) He alleges that, subsequently, on October 4, 2010, he learned that a black technician, "who had actually committed a lifesaving rule violation" was not terminated. (Rec. Doc. 1, p. 3, ¶ 8) Likewise, Plaintiff also alleges that on May 20, 2011, he learned of another black technician who was not terminated after violating a lifesaving rule. (Rec. Doc. 1, p. 3, ¶ 9) Plaintiff reports that he first brought this matter before the Equal Employment Opportunity Commission ("EEOC") on January 6, 2011, "within 300 days of learning that race had to have been a determining factor in his termination." (Rec. Doc. 1, p. 4, ¶ 10) Plaintiff asserts that he signed a Charge of Discrimination with the EEOC on February 13, 2011, and he received his right to sue letter on August 15, 2011. (Rec. Doc. 1, p. 4, ¶ 11) Plaintiff contends that he is entitled to back pay, benefits, and compensatory damages due to his wrongful termination.

On August 14, 2012, Defendant filed the instant Motion for

Summary Judgment, which was set for hearing on August 29, 2012. The Court continued the hearing date on the motion until its present hearing date of September 17, 2012.

**THE PARTIES' ARGUMENTS**

In its motion, Defendant argues that it is entitled to summary judgment because Plaintiff's claim is time barred. Specifically, Defendant contends that Plaintiff failed to file a complaint with the EEOC within the required 300 day time period. Defendant asserts that Plaintiff's claim accrued on the date that Plaintiff was actually terminated, January 22, 2010, and, therefore, his EEOC complaint should have been filed by November 19, 2010. As such, Defendant contends that the February 13, 2011 EEOC complaint was filed after the 300 day deadline and, thus, Plaintiff's suit in this Court is barred, because he failed to properly exhaust his administrative remedies.[1]

In response, Plaintiff asserts that his February 13, 2011 EEOC complaint was timely filed because it was filed within 300 days of the date that he learned his termination was discriminatory. He contends that the 300 day time period begins

---

[1] Defendant also argues that it is entitled to summary judgment on the merits, because Plaintiff cannot satisfy all of the elements necessary to prove discrimination. However, because the Court finds that this claim is barred for failure to exhaust administrative remedies, it will not consider Defendant's arguments on that point.

running from the time that a plaintiff "reasonably should have known" that a termination was discriminatory, not necessarily from the actual termination date. Plaintiff avers that on January 22, 2010, he believed that he was terminated for an alleged violation of safety protocol; however, it was not until October 4, 2010 and May 20, 2011, that he realized his termination was discriminatory. Therefore, Plaintiff argues that he properly exhausted his administrative remedies and, as such, his claims in this Court are not barred.

**DISCUSSION**

**A. Legal Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All

4

reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." <u>Id.</u> at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. <u>See</u> <u>Celotex</u>, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by

submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

**B. Applicable Law**

In an employment discrimination case, the plaintiff must exhaust all administrative remedies before pursuing his or her claims in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (citing Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996)). The plaintiff exhausts his or her administrative remedies when he/she files a timely charge with the EEOC and receives a statutory notice of the right to sue. Dao, 96 F.3d at 788-89 (noting that although filing a claim with the EEOC is not a jurisdictional prerequisite, it "'is a precondition to filing suit in district court'"(quoting Cruce v. Brazosport Indep. Sch. Dist., 703 F.2d 862, 863 (5th Cir. 1983))).

As a general rule, discrimination victims must file a complaint with the EEOC within 180 days of when the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). While an unlawful employment practice that occurred more than 180 days

prior to filing "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue," it has no present legal consequences. United Air Lines v. Evans, 431 U.S. 553, 558 (1977). In some cases, an exception to this general rule applies, and an individual is allowed 300 days, rather than 180 days, to file with the EEOC.[2]

The limitations period for filing a charge of discrimination with the EEOC starts to run from the date the discriminatory act occurs, or the date that the plaintiff knows or reasonably should know of the discriminatory act. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980); Merrill v. S. Methodist Univ., 806 F.2d 600, 605 (5th Cir. 1986). The relevant discriminatory act is either the earlier of: the date the employee was notified of his/her termination, or the date the employee actually separated from his/her employment. Delaware State College, 499 U.S. at 258. Likewise, the United States Fifth Circuit Court of Appeals has held that the relevant question in deciding whether the limitations period has expired is 'when was an employee notified

---

[2] 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); 29 U.S.C. § 633(b). This exception occurs where the state in which the alleged discrimination occurs "has a law prohibiting discrimination in employment." 29 U.S.C. § 633(b). Neither party to this suit disputes that this 300 day exception applies to the instant case, and that Plaintiff had 300 days to timely file his complaint with the EEOC.

of termination,' not 'when did an employee learn that a termination may have been discriminatory.' Chapman v. Homco, 886 F.2d 756, 758 (5th Cir. 1989); see also Miller v. Potter, 359 Fed. Appx. 535, 536 (2010) ("In this Circuit, it is clearly established that 'the limitations period starts running when the plaintiff knows of the discriminatory *act*, not when the plaintiff perceives a discriminatory motive behind the act.'"(quoting Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1217 n.2 (5th Cir. 1992))); Pacheco v. Rice, 966 F.2d 904, 906-07 (5th Cir. 1992) ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints."). Under Fifth Circuit law, the limitation period for a discrimination claim can be equitably tolled "when [an] employer's affirmative acts mislead the employee and induce him not to act within the limitations period.'" Miller, 359 Fed. Appx. at 537 (quoting Manning v. Chevron Chem. Co., 332 F.3d 874, 880 (5th Cir. 2003)).

In the instant case, Plaintiff was notified of his termination/terminated by Motiva on January 22, 2010. Therefore, the limitations period began to run on January 22, 2010. Plaintiff filed his complaint with the EEOC on February 13, 2011,

more than 300 days after his termination, making his complaint untimely. As such, Plaintiff has failed to exhaust his administrative remedies and, as a matter of law, is barred from asserting his claims in the instant action. Although Plaintiff argues that he is not barred from suit because he did not learn that his termination was discriminatory until at least October 4, 2010, the above-referenced law indicates that Plaintiff's argument is without merit. The only relevant date is the date that Plaintiff received notice of his termination; thus, Plaintiff's claims in this suit are procedurally barred.[3]

Furthermore, to the extent that Plaintiff's argument can be construed as an argument for equitable tolling of the limitations period, the Court notes that the limitations period can only be tolled where an employer takes affirmative acts to mislead the employee. The facts in this case do not indicate that Plaintiff's employer took any affirmative acts to induce him not to act within the limitations period. Accordingly,

> **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.**

---

[3] Moreover, the Court notes that the Plaintiff has stated that he knew his termination was discriminatory on October 4, 2010. At that point, Plaintiff was still within the 300 day time period for filing a complaint with the EEOC. However, he still chose to wait until after the time period had expired to file his complaint.

**IT IS FURTHER ORDERED** that Plaintiff Boyd Weber's claims against Defendant Motiva Enterprises LLC are **DISMISSED WITH PREJUDICE**, at sole cost to Plaintiff.

New Orleans, Louisiana this 31st day of October, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE